JUDGE HERB ROSS (Recalled)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2253 —   (Website: www.akb.uscourts.gov)
Clerk's Office:  907-271-2655 (1-800-859-8059 In-State) — Judge's Fax:  907-271-2692

**Filed On
4/22/11**

Case No. A10-00478-HAR

In re SAMANTHA DELAY-WILSON,

        Debtor(s)

JEAN HEBERT,

        Plaintiff(s)

v.

SAMANTHA DELAY-WILSON,

        Defendant(s)

In Chapter 7

Adv Proc No A11-90005-HAR

**MEMORANDUM REGARDING LODGED DEFAULT JUDGMENT FORM**

    I have not signed the lodged judgment (copy attached).  For one thing, it does not include what the plaintiff seeks – a nondischargeability judgment.  I would hesitate, based on the prove-up declarations supplied,[1] to sign a default judgment even if it did contain a 11 USC § 523(a) holding.  The prove-up declarations say only that the allegations in the complaint are true.

    For one thing, the declarations do not establish justifiable reliance required under § 523(a)(2)(A).  Also, the underpinning of the complaint is an oral agreement between the parties if Hebert gave Delay-Wilson money – eventually $3.7 million – she would guarantee a 14.2% return on the money.  Assuming that is true, it does not establish there was a present intent not to

---

[1] Docket Nos. 4 and 6, several declarations by Mr. Hebert and one by Mr. Shier.

perform, which is an element of a § 523(a)(2)(A) claim.[2] Nor does it explain the history of the relationship, which began in August 2001, almost 11 years ago.

There was subsequently a lot of shucking and jiving by Delay-Wilson alleged by Hebert.[3] If this proves Hebert's fraud or misrepresentation claim, provide the court with authority and connect the factual dots to § 523(a)(2)(A).

Likewise, provide the court with authority that Delay-Wilson was a fiduciary under Alaska law presumably to comply with § 523(a)(4). Hebert has not alleged embezzlement.

Finally, the § 523(a)(6) conversion claim is not sufficiently established. She could have lost the money in risky investments, without having actually converted it. At least provide the court some legal authority that the inference in the complaint supports a § 523(a)(6) judgment.

In short, the plaintiff must file an adequate prove-up declaration, with supporting legal analysis, to comply with FRBP 7055, incorporating FRCP 55(b)(2). I suggest the prove-up memo provide an outline, based on the well settled law in the 9th Circuit with respect to §§ 523(a)(2)(A), (4), and (6), and explain how the facts and law support Hebert's claims for each element.

DATED: April 22, 2011

/s/ Herb Ross
HERB ROSS
U.S. Bankruptcy Judge

Serve:
Matthew J. Shier, Esq., for π
Samantha Delay-Wilson, *pro se* Δ
Cheryl Rapp, Adv. Proc. Mgr.
Courtesy copy to Willaim Artus, Esq., for the trustee
Courtesy copy to David Bundy, Esq., for petitioning creditor
US Trustee, Anchorage                                                                                       D7476

04/22/11

---

[2] In re Ortenzo Hayes, 315 BR 579, 587 (Bankr CD Cal 2004).

[3] *See*, ¶ 8 of the complaint.

MEMORANDUM REGARDING LODGED
DEFAULT JUDGMENT FORM                                                                                 Page 2 of 2

MATTHEW J. SHIER (SBN 072638)
JEREMY W. KATZ (SBN: 119418)
PINNACLE LAW GROUP LLP
425 California Street, Suite 1800
San Francisco, CA 94104
Email: mshier@pinnaclelawgroup.com
Telephone:   (415) 394-5700
Facsimile:   (415) 394-5003
Attorneys for Plaintiff Jean Hebert

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ALASKA

| | |
|---|---|
| In re<br><br>SAMANTHA DELAY-WILSON,<br><br>　　　　　　　　　Debtor.<br><br>SSN   xxx-xx-5066 | Case No.  10-00478 HAR<br><br>Chapter 7 |
| JEAN HEBERT,<br><br>　　　　　　　　　Plaintiff,<br>　vs.<br><br>SAMANTHA DELAY-WILSON,<br><br>　　　　　　　　　Defendant. | Adversary Proceeding No.  11-90005 HAR<br><br>**JUDGMENT BY DEFAULT** |

Upon consideration of the request for entry of default judgment against Samantha Delay-Wilson (the "Request"), the accompanying declarations, the pleadings and files in this Adversary Proceeding, including the Entry of Default (By Clerk), dated April 18, 2011, (docket number 5), and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.　　The Request is granted.

2.　　Judgment is hereby made in favor of Plaintiff Jean Hebert against Defendant Samantha Delay-Wilson in the amount of $3,683,705.00, plus interest thereon at the legal rate from and after June 30, 2008, until paid in full, plus costs of suit herein incurred.

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

5290.001/d7476 attachment 11-90005  Default Judgment (00116213).DOC          1          DEFAULT JUDGMENT

Dated: April 21, 2011          /s/
                               HERB ROSS
                               U.S. Bankruptcy Judge

Serve:
M. Shier, Esq. (for plaintiff)
Samantha Delay-Wilson (pro se defendant)
Cheryl Rapp, Adv. Case Mgr.
Janet Stafford, Case Closing Clerk

**COURT SERVICE LIST**

Samantha Delay-Wilson
1120 E. Huffman Road, PMB #223
Anchorage, AK 99515

Samantha Delay-Wilson
Hiland Mountain Correctional Center
9101 Hesterberg Road
Eagle River, Alaska 99577

William D. Artus on behalf of Trustee Kenneth Battley
artuslaw@yahoo.com

Matthew Jeffrey Shier on behalf of Creditor Jean Hebert
mshier@pinnaclelawgroup.com

U.S. Trustee's Office
USTPRegion18.ak.ecf@usdoj.gov

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

5290.001/d7476 attachment 11-90005 Default Judgment (00116213).DOC     2     DEFAULT JUDGMENT